UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIK MICHAEL,

     Plaintiff,

v.

JACOB RAINES and NAREE
MITCHELL,

     Defendants.

Case No. 24-10835
Honorable Laurie J. Michelson

## OPINION AND ORDER GRANTING DEFENDANTS' AMENDED UNOPPOSED MOTION TO DISMISS [23]

Malik Michael alleges that, on August 3, 2021, Detroit Police Officers Jacob Raines and Naree Mitchell approached him while he was inspecting his vehicle and shortly after "slammed" him to the ground, injuring his shoulder and fracturing his finger. (ECF No. 1, PageID.3.) So on April 1, 2024, Michael sued the officers for excessive force and wrongful arrest. (*Id.* at PageID.3–4.) He seeks damages in part for his physical injuries and emotional distress. (*Id.* at PageID.6.)

Throughout the litigation, Michael has refused to cooperate with scheduling or appearing for independent medical examinations. He has also declined to sign authorizations for the release of his medical records. Defendants now seek dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b). (ECF No. 23.) Michael did not respond to the motion to dismiss. Thus, it is not opposed. *See* E.D. Mich. LR 7.1(c)(1).

The Court has reviewed the record and briefing and finds that oral argument is not needed to resolve the unopposed motion. *See* E.D. Mich. LR 7.1(f). For the following reasons, Defendants' motion to dismiss (ECF No. 23) is GRANTED.

## I.

Under Federal Rule of Civil Procedure 41(b), the Court has "substantial discretion," *Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 360 (6th Cir. 2021), to dismiss a case for "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court." Fed. R. Civ. P. 41(b).

In conducting this analysis, courts in this Circuit consider four factors: (1) whether the failure was due to willfulness, bad faith, or fault; (2) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; (3) whether less drastic sanctions were imposed or considered before dismissal; and (4) whether the opposing party was prejudiced. *Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015). These factors "are *not* required 'elements'" but "are merely guideposts or points of departure" used by the Sixth Circuit on appellate review. *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

## A.

The four factors support dismissal here.

First, Michael's persistent refusal to cooperate with Court orders and discovery evinces willfulness, bad faith, and fault. Despite the Court ordering him to do so (ECF No. 18), Michael has now, for the third time, failed to appear at scheduled IME appointments (ECF No. 21-1; ECF No. 23, PageID.106). And this is not the first time

he has disregarded a Court order. He was required to attend the June 2, 2025, hearing on Defendants' motion to compel and did not show. (*See* ECF Nos. 17, 18.) And even 18 months after discovery began (*see* ECF No. 10), he has still failed to provide signed authorizations for his medical records. This constitutes a "clear record of delay or contumacious conduct" that strongly supports dismissal.[1] *Norton v. Prop.*, No. 16-10279, 2017 WL 282178, at \*2 (E.D. Mich. Jan. 23, 2017) (finding plaintiff acted in bad faith in failing to attend an IME that the Court had ordered her to attend); *Allen v. Stark State Coll.*, No. 17-02706, 2019 WL 3387772, at \*7 (N.D. Ohio July 26, 2019) (finding plaintiff's refusal to provide medical authorizations and to attend in person conference willful and "strongly weighs in favor" of dismissal with prejudice.)

Second, Michael was on notice that his failure to comply would lead to dismissal. After the hearing on the motion for withdrawal of counsel—which Michael failed to attend—the Court issued an order that Michael was "hereby put on notice that if he fails to appear again, or fails to cooperate in the scheduling of the [medical] examinations, sanctions will be imposed, including the possible dismissal of this action." (ECF No. 18, PageID.75.) Even under the threat of dismissal, Michael once again failed to submit to an IME or provide his medical authorizations. (ECF No. 21-1; ECF No. 23, PageID.106.) So he was "expressly warned of the possible

---

[1] It should be noted that this failure rests squarely on Michael's shoulders. "It is well-established that [Michael's] pro se status does not excuse [him] from participating in the discovery process or complying with Court orders." *Allen*, 2019 WL 3387772, at \*7. Plus Michael previously had the benefit of counsel in this case, but, due to his own refusal to communicate and failure to comply with the discovery demands, his counsel withdrew from the case. (ECF No. 18.)

consequences of such a failure." *Ferrell v. Swing*, No. 17-00056, 2019 WL 2195235, at *2 (E.D. Tenn. May 21, 2019) (granting dismissal with prejudice under Rule 41(b) for failure to comply with court orders).

Third, the Court has tried imposing less drastic measures, but to no avail. It first held a status conference to discuss Defendants' concerns about Michael's noncompliance. (ECF No. 13.) Then it gave Michael an extra 90 days to provide his medical records and participate in an IME. (ECF No. 14.) When that did not work, Defendants filed a motion to compel (ECF No. 15), which the Court denied, opting instead to warn Michael that continued failure to comply would result in sanctions, including possible dismissal (ECF No. 18). So this factor also weighs in Defendants' favor. *See, e.g.*, *Strunk v. Liberty Ins. Corp.*, No. 18-288, 2019 WL 2178620, at *3 (E.D. Ky. May 20, 2019) (finding factor met when Court previously gave plaintiff additional time to comply and dismissing case with prejudice); *Arnold v. Hutchison*, No. 16-13403, 2018 WL 1514382, at *3 (E.D. Mich. Jan. 16, 2018), *report and recommendation adopted sub nom. Arnold v. Hutchinson*, No. 16-13403, 2018 WL 1509186 (E.D. Mich. Mar. 27, 2018) (finding third factor met where Court previously warned plaintiff to authorize the release of medical records).

Finally, Defendants have been prejudiced by Michael's failure to cooperate with discovery. Michael alleges physical injury, so Defendants "cannot seriously . . . addres[s]" the claims "without his medical records." *Arnold*, 2018 WL 1514382, at *3; *see also Bowling v. Wellpath, Inc.*, No. 22-11897, 2024 WL 5452814, at *3 (E.D. Mich. Sept. 13, 2024), *report and recommendation adopted*, No. 22-11897,

4

2025 WL 725247 (E.D. Mich. Mar. 6, 2025) (finding factor met because defendants cannot "meaningfully defend" health-related claims without plaintiff's medical records).

In sum, all four factors weigh heavily in favor of dismissal. Additionally, Michael has "demonstrated an unequivocal refusal to prosecute this matter, which is underscored by his failure to respond to Defendant[s'] motio[n] to dismiss." *Arnold*, 2018 WL 1514382, at *3. So dismissal with prejudice is appropriate here. *See, e.g.*, *Allen*, 2019 WL 3387772, at *10 (dismissing with prejudice where "record supports the conclusion that [plaintiff's] conduct is nothing short of contumacious").

## II.

For the reasons stated, Defendants' motion to dismiss (ECF No. 23) is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: April 24, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE